In the Matter of JACOB BRAUN, an Attorney, Respondent.

First Department, February 7, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Sidney Wallace Hartman*, for the respondent.

MARTIN, P. J. The respondent has been found guilty of converting to his own use the money of a client intrusted to him for the purpose of settling an action. The facts established by the evidence before an official referee, to whom charges preferred by the Association of the Bar of the City of New York against the respondent were sent for hearing, are, in substance, as follows:

In December, 1933, an action was commenced by The Bankers Commercial Security Co., Inc., against Michael J. Cancellaro because he had failed to make payments due under a contract for the purchase of a piano on the installment plan. Mr. Cancellaro retained the respondent to secure a settlement of the action, for which services respondent charged a fee of ten dollars which was paid. He agreed with the plaintiff's attorney to settle the action for the sum of seventy-five dollars, if paid to the latter on Saturday, May 12, 1934. The respondent informed his client accordingly and requested him to have the money at his office on that day.

Mr. Cancellaro gave respondent seventy-five dollars in cash between eleven and twelve o'clock on Saturday, May 12, 1934. The respondent did not turn the seventy-five dollars over to the plaintiff or its attorney. As a result, judgment for $234.07 was entered against Mr. Cancellaro by default and on November 28, 1934, his wages garnisheed. On December 14, 1934, he complained to the Association of the Bar of the City of New York. He subsequently served a summons on the respondent, returnable March 7, 1935, in the Magistrate's Court, charging him with unlawfully withholding seventy-five dollars cash. On the return day respondent obtained a week's adjournment and during that period settled the matter with the Bankers Commercial Security Co., Inc., by paying it eighty-three dollars and paying to Mr. Cancellaro twelve dollars to reimburse him for money which had been taken out of his salary pursuant to the garnishee execution. A bill of sale for the piano was given to Mr. Cancellaro, and the judgment satisfied. The Magistrate's Court proceeding was dismissed.

Both before the referee and this court the respondent urges that the reason the seventy-five dollars was not paid is that Mr. Cancellaro arrived at his office at one P. M. on Saturday, May 12, 1934, after the office of the plaintiff had closed, and, therefore, too late to comply with the condition of the offer of settlement. Further, that respondent was taken ill with rheumatism the following day and confined to his home for two weeks; that he subsequently tendered the seventy-five dollars to some unidentified lady employee

in the office of the plaintiff, but that it was refused and instead $100 demanded. Respondent further testified that on numerous occasions he tendered back the seventy-five dollars to Mr. Cancellaro, but that he refused it. This Mr. Cancellaro denied, and testified that the first knowledge he had that the seventy-five dollars had not been paid was when his salary was garnisheed. Both plaintiff and its attorney denied that any tender of seventy-five dollars was made or that there had been any demand for a larger amount. Complete refutation of respondent's testimony, that he had tendered payment, is found in the letter of plaintiff's attorney sent respondent under date of June 14, 1934, in which he stated

" I am enclosing a notice of trial in the above entitled matter. I have extended to you all the time possible permitted by my client, and for the last two weeks or more they have been hounding me for action.

" Since action is imperative, I have decided to place the matter on the calendar again."

Notwithstanding this letter and the possession of seventy-five dollars for the purpose of settling the action, respondent permitted judgment to be entered on default.

Mr. Schmelter, assistant collection manager of the Bankers Commercial Security Co., Inc., testified that the respondent called on September 13, 1934, and told him that he had been compelled to use the seventy-five dollars because of illness and requested more time in which to pay it, which was granted. Corroborative of this is an office card entry of Mr. Schmelter noting the visit and the gist of the conversation.

It is true that $100 was finally paid by respondent in settlement but this was after the entry of a second judgment by default and garnishee proceedings. Mr. Schmelter testified that after the entry of said judgment he was requested by the respondent in December, 1934, to withhold garnishee execution, and that he told him he would have to go ahead unless the money was paid. Up to that time no increase had been made in the amount that would be accepted in settlement of the action.

Both Mr. Schmelter and the attorney for the plaintiff are disinterested witnesses, and their testimony carries conviction.

Assuming that Mr. Cancellaro arrived at respondent's office after the closing hour of the Bankers Commercial Security Co., Inc., the payment in settlement of the action was to be made not to the plaintiff but to its attorney, and the respondent made no attempt to communicate with the latter. Mr. Cancellaro testified that respondent informed him on the following Saturday that the money had been paid and that he had the receipts. Respondent claims

that statement could not be true for he was then confined to his home by illness. He now submits a certificate of his physician who says he attended him on May 14, 1934, at his home for arthritis. That is six days prior to the date referred to by Mr. Cancellaro.

The respondent's testimony is marked by evasiveness and lack of frankness. Obviously he has attempted to build up a fictitious defense by such testimony.

The respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Respondent suspended for one year.